UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SISCO, | ) | CASE NO. 4:11-CV-1041 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE MCHARGH |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

This case is before the undersigned pursuant to the consent of the parties. (Doc. 13). The issue before the Court is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Robert Sisco's application for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, is supported by substantial evidence, and therefore, conclusive.

For the reasons stated below, the Court AFFIRMS the decision of the Commissioner.

I. INTRODUCTION & PROCEDURAL HISTORY

On December 29, 2008, Plaintiff Robert Sisco ("Plaintiff" or "Sisco") applied for a Period of Disability and Disability Insurance benefits. (Tr. 119-22). Sisco alleged he became disabled on December 22, 2008, due to suffering from a cervical fracture. (Tr. 137). Plaintiff's insured status does not lapse until September 2013. (Tr. 8, 123). The Social Security Administration denied Sisco's application on initial review and upon reconsideration. (Tr. 54-55). Thereafter, Plaintiff requested a hearing to contest the denial of his application for benefits. (Tr. 63-64). The Social Security Administration granted Sisco's request and scheduled a hearing before an administrative law judge. (Tr. 65-66).

On April 30, 2010, Administrative Law Judge Paula Fow (the "ALJ") convened a hearing to evaluate Plaintiff's application. (Tr. 22-53). Sisco appeared with counsel and testified before the ALJ. (*Id*.). Vocational expert, Mr. William Reed, also appeared and testified at the proceeding. (*Id*.). On July 7, 2010, the ALJ issued her decision denying Sisco's application for benefits. (Tr. 8-18). Following this ruling, Plaintiff sought review of the ALJ's decision from the Appeals Council. (Tr. 114-18). However, the council denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Plaintiff now seeks judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 405(g).

Sisco, born on February 8, 1959, was 49 years old on his alleged onset date and 51 years old on the date of his hearing before the ALJ. (Tr. 26). Accordingly, as of his alleged disability onset date, Plaintiff was considered a "younger person" for Social Security purposes, and later progressed into the "closely approaching advanced age" category after he turned 50. *See* 20 C.F.R. § 404.1563(c)-(d). Sisco testified that the highest grade he completed was the ninth grade and that his prior work history included positions as a laborer and general warehouse worker. (Tr. 26).

## II.  ALJ's RULING

The ALJ made the following relevant findings of fact and conclusions of law. At step one of the sequential analysis,[1] the ALJ determined Sisco had not engaged in substantial gainful

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability". *See* 20 C.F.R. § 416.920(a). The Sixth Circuit has summarized the five steps as follows:

> (1)  If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

2

activity since his alleged onset date of December 22, 2008.  (Tr. 10).  At the second step, the ALJ held Sisco suffered from the following severe impairments: obesity, cervical disc degeneration, chronic arthralgia of the left shoulder and cervical radiculopathy.  (*Id.*).  But, at step three, the ALJ ruled that none of these impairments, individually or combined, met or equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 11-12).  Before moving to the next step, the ALJ assessed Plaintiff's residual functional capacity ("RFC") to work.  (Tr. 12-16).  It was determined Plaintiff retained the ability to perform a limited range of light work as defined in 20 C.F.R. 404.1567(b).  (*Id.*).  Because Plaintiff was restricted to this type of work, the ALJ concluded Plaintiff was not able to return to either of his past jobs because those positions required greater abilities than that which Plaintiff now possessed.  (Tr. 16).  Notwithstanding, at the final step of the analysis, the ALJ found there were other jobs, existing in significant numbers in the national economy, which Plaintiff could successfully perform despite his impairments.  (Tr. 16-17).

---

(2)  If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3)  If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)  If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5)  Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

### III.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when he establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed*.  Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  *See Garner*, 745 F.2d at 387.  However, it may examine all the evidence

in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See* [Walker v. Sec'y of Health & Human Servs.](), 884 F.2d 241, 245 (6th Cir. 1989).

### V. ANALYSIS

Sisco asserted two objections to the ALJ's decision. First, Sisco argued the ALJ erred in failing to include Sisco's diagnosis of syncope as a severe impairment. Second, Plaintiff argued he was only capable of performing sedentary work, not light work as found by the ALJ.

#### A. Whether Sisco's Diagnosis Of Syncope Is A Severe Impairment

A syncope is "a temporary suspension of consciousness due to generalized cerebral ischemia" or more simply put, "faint[ing]". DORLAND'S ILLUSTRATED MEDICAL DICTIONARY (Saunders 30th ed. 2003). Sisco maintains the ALJ should have included this condition as one of his severe impairments at step two of the sequential analysis.

On December 16, 2008, Plaintiff suffered from what he described as his pivotal traumatic injury. On that date, Plaintiff was taken to the emergency room of Trumbull Memorial Hospital after falling at home. (Tr. 171). Sisco's family informed the hospital that Sisco had fallen from a standing position after becoming light-headed, and had hit his head on a wall. (*Id*.; Tr. 181). Two days later, Plaintiff underwent surgery on his cervical vertebrae at C5-C6. (Tr. 181). Plaintiff did well postoperatively and was prescribed a cervical collar to wear around his neck. (Tr. 181-82). On January 6, 2009, Plaintiff's doctor wrote a letter indicating Sisco was "temporarily disabled by virtue of his recent operation" and should continue to wear his cervical collar until he presented back to the doctor in late January or early February. (Tr. 200).

Plaintiff claims he suffered from other syncopal type episodes in May and June of 2009. On May 9, 2009, Sisco went to Trumbull Memorial Hospital complaining of feeling off balance

and a sense of spinning. (Tr. 248). He was diagnosed with dizziness/vertigo, prescribed medication, and discharged from the hospital in stable condition. (Tr. 250). Finally, Plaintiff presented to the hospital again on June 11, 2009, after passing out at home. (Tr. 261). Sisco was diagnosed with syncope and chest wall pain. (*Id.*). After being administered medication, Plaintiff was discharged in to his own care in stable condition. (*Id.*). Based upon these incidents, Plaintiff claims the ALJ should have considered his syncopal episodes as a severe impairment.

At step two of the sequential evaluation process, the claimant must prove he has an impairment which significantly interferes with his ability to work. *See* 20 C.F.R. § 404.1520(c). Claimants seeking disability benefits on account of physical impairments must demonstrate a significant limitation upon their ability to walk, stand, sit, lift, push, pull, reach, carry or handle. *See* 20 C.F.R. § 404.1521(b)(1). Though the claimant need not establish total disability at the second step of the analysis, failure to demonstrate a severe impairment is critical because this step serves as a screening tool allowing adjudicators to dismiss groundless claims at an early stage in the analysis. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). An impairment is deemed non-severe only when it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with an individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (*citing Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). This step of the analysis is viewed as a *de minimis* hurdle in the sequential evaluation process. *Higgs*, 880 F. 2d at 862. However, even if an ALJ erroneously fails to deem one of the claimant's impairments as severe, such an error will not always necessitate reversal. Remand is not required if at the second step of the analysis the ALJ finds the claimant suffers from at least

one severe impairment and continues to assess the claimant's severe and non-severe impairments in the remaining steps. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

In the present case, the ALJ found Plaintiff had four severe impairments: obesity, cervical disc degeneration, chronic arthralgia of the left shoulder and cervical radiculopathy. (Tr. 10-11). While the ALJ did not explicitly mention Sisco's syncope diagnosis in the opinion, the ALJ's acknowledgment of Plaintiff's initial hospital visit in December 2008 and subsequent emergency room presentation in June 2009 for fainting again, demonstrate the ALJ was cognizant of these episodes and implicitly considered this evidence in assessing Sisco's RFC. (*See* Tr. 13-14). Additionally, the ALJ thoroughly examined the opinions offered by Dr. Mary-Helene Massullo and Dr. William Bolz in her written decision. Both of these doctors discussed Plaintiff's syncopal episode from December 2008. (Tr. 210, 230). Thus, the ALJ's review of their opinions necessarily required the ALJ to contemplate Plaintiff's history of fainting episodes. As a result, the undersigned is satisfied that the ALJ reasonably considered Plaintiff's diagnosis of syncope at the remaining stages of the sequential analysis despite omitting the condition from her step two finding. Consequently, remand is not proper on this basis. *See Maziarz*, 837 F.2d at 244.

B. Whether Plaintiff Retained The Physical RFC To Perform Light Work

Before moving to the fourth step in the sequential evaluation process, the ALJ must assess the claimant's RFC. 20 C.F.R. § 404.1520(e). The claimant's RFC signifies the claimant's remaining capacity to engage in work-related physical and mental activities despite functional impairments stemming from the claimant's medically determinable limitations. 20 C.F.R. § 404.1545; *see also Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 530 (6th

Cir. 1992). The ALJ, as opposed to a physician, is ultimately responsible for determining the claimant's RFC. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009); 20 C.F.R. § 404.1546(c).

The ALJ found Sisco possessed the RFC required to perform light work as defined in 20 C.F.R. § 404.1567(b). However, the ALJ limited Plaintiff to no more than occasional posterior movements including crawling and climbing with a sit/stand option. (Tr. 12). The ALJ prohibited Sisco from work involving frequent movement of the head or climbing on ladders, ropes or scaffolds. (*Id.*). The ALJ also restricted Plaintiff from work activities requiring pushing, pulling, fine fingering or reaching overhead with his left arm. (*Id.*).

Plaintiff argues the ALJ erroneously concluded he was capable of performing light work by disregarding the findings of consultative examiner, Dr. Mary-Helene Massullo. Plaintiff presented to Dr. Massullo for examination on March 5, 2009. (Tr. 210). Dr. Massullo opined Plaintiff suffered from, *inter alia*, obesity, diminished strength and abnormal sensation in the left arm, diminished range of motion in the left shoulder, elbow and wrist, reduced abilities to grasp, pinch and perform fine coordination on the left side, and chronic arthralgia in the cervical spine and left shoulder. (Tr. 213-14). Ultimately, the doctor concluded Plaintiff was capable of performing "an occupation from a seated position, hearing and speaking, [and] using the right upper extremity primarily . . . as long as [the claimant] d[id] not have to move his neck and ha[d] minimal use of the left upper extremity." (Tr. 214). Upon review, the ALJ assigned limited weight to Dr. Massullo's opinion, noting that it was "contradicted by her own findings and incongruous with the record as a whole." (Tr. 15).

The ALJ's evaluation of Dr. Massullo's opinions is supported by the record. Initially, the ALJ questioned the limitations Dr. Massullo placed on Plaintiff's ability to use his left arm. The

8

doctor indicated Plaintiff's left arm was moderately to significantly compromised and as a result recommended that Sisco's work involve no more than minimal use of the arm. The ALJ challenged this finding because Dr. Massullo also opined Sisco retained fair to good strength in his left arm. But, as Plaintiff correctly noted, Dr. Massullo actually indicated Plaintiff retained good to fair strength in his left shoulder abductor, rotator, elbow flexor and extendor, wrist flexor and extensor and finger abductors. (Tr. 215). But, later in her report, Dr. Massullo also indicated Plaintiff's grasp, manipulation, pinch and fine coordination skills for the left hand were abnormal. (*Id*.). Therefore, Plaintiff contends the ALJ should not have found Plaintiff's good to fair strength rating to compromise Dr. Massullo's other findings with regard to Plaintiff's ability to use his left arm. Yet, contrary to Plaintiff's implication, the ALJ did not completely reject Dr. Massullo's findings regarding Plaintiff's ability to use his left arm. The ALJ criticized Dr. Massullo's finding because the ALJ did not feel that Dr. Massullo's reported observations warranted the restrictions the doctor placed on Sisco – i.e. the requirement to abstain from nearly all work involving the use of his left arm. But, despite the ALJ's criticisms of Dr. Massullo's findings in this respect, the RFC articulated by the ALJ accounted for Plaintiff's left arm limitations. The ALJ precluded Plaintiff from engaging in work which required any pushing, pulling, fine fingering or overhead reaching with the left arm, or the use of left hand levers. (Tr. 12). Therefore, even if Plaintiff objects to the ALJ's critique of Dr. Massullo's findings, the objection is moot because the ALJ incorporated these restrictions into Plaintiff's RFC.

      The ALJ's decision to discount Dr. Massullo's finding that Plaintiff could only work from a seated position is also supported by the record. The ALJ found that this portion of Dr. Massullo's opinion appeared, at least in part, to be based on Sisco's "lack of balance, which [Dr. Massullo] did not personally witness during the examination." (Tr. 15). Substantial evidence

supports the ALJ's finding. In her report, Dr. Massullo noted that Plaintiff had a normal gait and was able to walk without the assistance of an ambulatory device. (Tr. 210, 213). Furthermore, though Plaintiff informed the doctor that he experienced problems with balance, Dr. Massullo commented that she did not observe any instances of instability during Plaintiff's examination. (Tr. 214).

Additionally, the ALJ highlighted Dr. Massullo's finding conflicted with the findings of state agency physician, Dr. William Bolz. Dr. Bolz reviewed Plaintiff's medical file on March 19, 2009. (Tr. 229-36). He discussed Dr. Massullo's findings and found they were only deserving of limited weight. (Tr. 234). Dr. Bolz saw that Dr. Massullo limited Plaintiff to sedentary activities, but found that such a recommendation was not supported by the evidence because Sisco demonstrated a normal gait and his lower extremities were intact. (*Id.*). Instead, Dr. Bolz concluded Sisco was able to perform a limited range of light work including lifting up to 20 pounds occasionally and 10 pounds frequently and standing, sitting or walking for six hours each workday. (Tr. 230). But, Dr. Bolz agreed that Plaintiff only retained a limited ability to push, pull, reach, handle and finger with his left arm. (Tr. 231-32). This evidence supports the ALJ's decision to reject Dr. Massullo's finding that Plaintiff could only perform work from a seated position.

Plaintiff argues the ALJ should have weighed Dr. Massullo's findings more favorably than those of Dr. Bolz because Dr. Massullo physically examined him, while Dr. Bolz only conducted a review of his medical records. Though more weight is generally given to opinions from sources who have examined the claimant over those who have not, *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); 20 C.F.R. § 404.1527(c)(1), opinions from non-examining state agency physicians are important, and under certain circumstances may be

10

entitled to deferential weight. SSR 96-6p, 1996 WL 374180, at *3. In fact, the Commissioner views state agency reviewers as "highly qualified physicians . . . who are experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i).

While Dr. Massullo had the opportunity to personally examine Sisco, many of her findings were not supported by her own observations of Plaintiff during the examination. For example, despite Plaintiff's claim that he used a walker everyday to ambulate, Dr. Massullo noted Plaintiff had a normal gait and found he did not need an ambulatory aid. Neither did Dr. Massullo see any problems with Plaintiff's stability, contrary to Plaintiff's assertions that he often lost his balance. Yet, despite these apparent contradictions, the doctor suggested Plaintiff be limited to occupations with seated work. This finding simply was not supported by Dr. Massullo's physical examination of Plaintiff, and detracts from its credibility. *See* 20 C.F.R. § 404.1572(c)(3). On the other hand, it was proper for the ALJ to defer to the findings of Dr. Bolz because he conducted a review of Plaintiff's entire medical record, including Dr. Massullo's opinion, and provided a reasoned basis for rejecting Dr. Massullo's findings. *See* SSR 96-6p, 1996 WL 374180, at *3. Furthermore, Dr. Bolz's finding that Plaintiff could perform light work was supported by the evidence of record, particularly Dr. Massullo's observations of Plaintiff's normal gait and intact lower extremities. Accordingly, substantial evidence supports the ALJ's decision to credit the opinions of Dr. Bolz over those supplied by Dr. Massullo.

Finally, Plaintiff asserts the ALJ did not properly account for his age as of the date of his hearing. Pursuant to Medical-Vocational Rule 201.09, a claimant is deemed disabled if he is 50 years old or older, has limited education and past work experience consisting of only unskilled work, and is limited to *sedentary* work. 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 201.09. But, this

provision is not applicable to Sisco. Because the ALJ properly found Plaintiff capable of performing light work, Plaintiff cannot claim entitlement to benefits under this rule.

## VI.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the Court AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date:  September 10, 2012.